O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMPSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>K. CHAPPELL, Warden,<br><br>　　　　Respondent. | Case No. CV 14-4122 CAS (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

　　　　Petitioner's Objections generally reiterate the arguments made in his Opposition to the Motion to Dismiss ("Opposition"), and lack merit for the reasons set forth in the Report and Recommendation.  There is one issue, however, that warrants brief amplification here.

　　　　In his Objections, Petitioner raises – for the first time – an ineffective assistance of counsel claim.  Specifically, Petitioner argues that he received ineffective assistance when his attorney failed to object to the use of certain psychological risk assessments at his parole board hearing.  (Objections at 7-8.)

/ / /

As a preliminary matter, Petitioner did not raise this claim in either his Petition or his Opposition. Accordingly, the Court need not consider it. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").

However, even upon consideration of this new claim, Petitioner fails to substantively advance a colorable claim for habeas relief.

As a general matter, there is no clearly established federal law that the constitutional right to counsel extends to parole hearings. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (in determining parole proceeding due process requirements, the Supreme Court did not "reach or decide the question whether the parolee is entitled to the assistance of [counsel]"); *Redd v. Marshall*, 1994 WL 279230, at *3 n.7 (9th Cir. June 22, 1994) ("[T]here does not appear to be a constitutionally recognized right to counsel at parole hearings."); *Dorado v. Kerr*, 454 F.2d 892, 896-97 (9th Cir. 1972) (due process does not entitle state prisoners to counsel at parole hearings).

Admittedly, California law provides parolees a right to counsel. *See* Cal. Pen. Code § 3041.7. However, "the denial of state-created procedural rights is not cognizable on habeas corpus review unless there is a deprivation of a substantive right protected by the Constitution." *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983)).

And absent a constitutional right to the appointment of counsel, there is also no constitutional right to the effective assistance of counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Thus, this claim must fail. *See* 28 U.S.C. § 2254(d); *Harrison v. Richter*, 131 S. Ct. 770, 786 (2011).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

///

1      2.     Judgment be entered denying the Petition and dismissing this action with prejudice; and

3      3.     The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth above and in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: December 19, 2014

*Christina A. Snyder*

_____

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE